Thank you, Your Honors. My name is David Ness. I'm with the Federal Defenders of Montana, and I represent the defendant in this case, Justin Dee. Justin Dee, as the Court is aware, is appealing from a probation revocation. He initially contested the revocation proceedings themselves, arguing that the district court did not have jurisdiction over his probation, did not have original jurisdiction over his original conviction, as a matter of fact. In doing so, he relied upon a decision of the district court that had been filed and ruled upon in two different cases, albeit involving the same juvenile offense and involving basically the same sort of at least procedural facts under which he was initially charged and convicted. The district court did not reach his jurisdictional argument, essentially ruling that he used the wrong vehicle to bring it. The district court ruled that whether or not there was jurisdiction, he could not bring it in the context of a challenge to the probation revocation proceedings. The way this case is postured here, the parties have essentially presented two issues. And the first issue involves really the propriety of the district court's initial rulings, the rulings that Mr. DeMint relied upon, insofar as the possession of a handgun by a juvenile statute goes. The second issue deals with the Court's refusal to entertain any arguments regarding his jurisdiction that were brought by Mr. Justin. Kennedy But we have to approach them in the reverse order that you've articulated. We have to decide, first of all, whether or not the district court was correct in failing to reach it. Garrett I think so, but I think that the issues are so intertwined that one's And if we conclude that the district court was correct in its refusal to entertain the merits of the argument, the case is over as far as our decision-making is concerned, and you're left to your devices if you have any collateral attack. On the other hand, if we were to decide that the district court should have exercised jurisdiction to decide the merits of the contention that it had no jurisdiction, then we have to decide the validity of the statute and the sufficiency of the petition. Do we not? In that order? Garrett I think you're right. I just think the way I view it is maybe a little more nuanced, because I think that they're very much intertwined. All right. And the reason why- You don't think you could win on one and lose on the other? I think I could, but I also- Go ahead. Okay. And maybe I should back up, because the way I view the case is that if the court did not, in fact, have jurisdiction over the original proceeding, that's subject matter jurisdiction. And if the court did not have subject matter jurisdiction, that jurisdiction can be challenged at any time. According to the case law, it cannot be waived. And given the fact that it can be raised at any time, it can't be waived. I don't under- What I would disagree with with the district court's decision is imposing some sort of requirement, procedural requirement, upon Justin to raise this issue through some sort of different vehicle. If it didn't have power initially, that power cannot be somehow revived or brought back in the probation revocation proceedings. Its judgment was null and void from the beginning, and it remains null and void, and therefore there would be nothing to enforce with respect to the revocation proceedings. Well, the irony, I think, is that the district court thought you're right on the merits- Right. And then said, I'm not going to reach the merits. I'm going to rule against you procedurally that I can't reach it, and then committed the youngster to an institution, right? It was somewhat ironic, yes. Okay. I think I understand. But go ahead. Okay. And so our initial argument is that the court did not, in fact, have jurisdiction, that the court's decision in the initial two cases, which by definition applied to Mr. DeMint, in fact, it recognized that it didn't have jurisdiction because the information was defective. And I think that the district court was correct in that ruling, and I think that the decisions both from this Court that the McCoy decision may very well be overruled by the Rape decision, the Stewart case I'm not so sure about. But nevertheless, a lot of the analysis that was used in those cases I don't think was overruled by the Rape decision. And I think that the Rape decision makes pretty clear that the arguments made with respect to the juvenile handgun statute in this case do not fall under its analysis under the Wickburn v. Filburn case or its analysis under the Rape case, but fall under the analysis of Lopez and Morris. And under those two cases, I think it's pretty clear that the statute may very well be facially unconstitutional, but it's certainly unconstitutional when there's absolutely no requirement that there be, that the handgun have any connection to interstate commerce. In other words, that it has no effect on interstate commerce, has no potential to have a future effect upon interstate commerce. And so for that reason, I think that the district court's decision with respect to the jurisdictional issue was correct. And going further, if, as I've stated before, there was no jurisdiction to start with, that jurisdiction cannot, the Court had no jurisdiction over the replication proceedings. Well, go ahead. What is the authority that's closest to permitting you to argue that? I'm sorry? What is the closest authority that permits you to challenge the jurisdiction for the original conviction by calling it jurisdiction? Right. I think that all of the, basically all of the authority that's cited in my opinion and in my brief that indicates this subject matter jurisdiction cannot impact jurisdiction. Well, but is any of that in the context of a challenge to a conviction on a probation revocation? Well, both this Court and the United States Supreme Court, the United States Supreme Court has, has indicated that in its, is it the? The Brosse decision that a guilty plea does not waive a claim that a judge on his face is one that cannot be constitutionally prosecuted. This Court has held that a jurisdictional type claim is one that can be deemed from the face of the charging documents. Let's assume you're right. Now we go back to looking at whether or not the statute is constitutional and whether or not it can be broken. And you, you separate those arguments, do you not? Yes. Now we have, of course, this case of Michael R. How do you get around that again? I think that Michael R. was decided pre-Morrison from, from the United States Supreme Court. Michael R. clearly relied upon this, upon the aggregated effect sort of doctrine that was, that was rejected in Morrison. And it was rejected later on in this, by this Court. I think it's clear under, under Lopez, under Morrison, that mere possession of the handgun is not something that's economic in and of itself. And I think that even the Michael R. decision recognized that fact. And so what they did is, is they looked at the effect of, of juvenile handgun position, possession in the aggregate, basically the effects as it, as it falls down the stairs, so to speak, the stairs of the economy. And I think that, that that analysis has been rejected. And I don't think that the rate decision changes them. So wouldn't you feel that this panel would be compelled to disagree then with Michael R. in effect saying it's wrongly decided not to be followed and other decisions are to be followed? That's... I think its analysis has been overruled. And, and the McCoy case, albeit in a different context, in reviewing other circuits' decisions having to do with child pornography, noted that specifically that those cases were decided pre-Morrison. Okay. Now, I don't know offhand, frankly, whether or not a three-judge panel of this Court is at liberty to say we think that the reasoning of a prior precedent of the Ninth Circuit has been undermined to the extent that you've described, and therefore we don't have to follow. I, you know, that, that was a question that all of the circuits visited after Blakely and prior to Booker. And I think, as I recall, basically it requires a decision on whether or not it's very clear that, in fact, the prior Ninth Circuit panel decision has been overruled. Okay. Okay. Thank you. Thank you. Excuse the time. But by this... Okay. I will hear from the government. Thank you, Your Honors. Good morning. My name is Lori Sook. I'm an assistant United States attorney in Montana. In this case, the United States believes that the first issue that must be addressed and decided by this Court is whether the Court can even get to the merits, be it the Commerce Clause issue in this case. This issue was raised by Justin Dee in a probation revocation proceeding. The Simmons case in this Court, as well as many cases from other circuits cited in our brief, have been clear that an underlying conviction must be considered valid for purposes of revocation proceedings and that this is an improper forum in which to challenge the underlying conviction. So we believe in this case that this appeal is decided by that issue and the Court should reject Justin Dee's invitation to look at the merits of this petition on that basis alone. Counsel, was Justin Dee represented by counsel when he pleaded guilty? He was. He was represented by Mr. Nass, Your Honor. And if at the time that the information that he pled, was he in a position to make the same arguments about the inadequacy of the information that he's making now? He wasn't in exactly the same position, Your Honor, because the district court decisions that have been referred to by Mr. Nass were not handed down. But certainly the Lopez decision was there, which was addressed by Michael R. And Michael R. was in place as well, Your Honor. So there was some authority, but not exactly the same authority. You didn't have these district court decisions that held the information for juvenile possession of a firearm in two juvenile cases in the District of Montana defective because of lack of the interstate nexus element being pled. That was the difference in the context. But what I would say, Your Honors, is this. Justin Dee went through an appeal, and then after that, he filed a petition for conviction became final in December of 2003. At that point, he not only had Lopez, but he also had what he very much relies on in this appeal, the McCoy decision. Even though he didn't have those district court cases, he did have McCoy as well. And I would also point out, Your Honor, that today in this context, if you look at the merits, it's not the same as well. Because the district court in deciding those two juvenile cases did not have So the framework of the appeal and that issue has developed in accordance to case law that has been passed down. Thank you. Now let me just suggest to you that you're contending that this assertion that the court does not have jurisdiction is somehow a collateral attack or an effort to make a collateral attack. Are you saying that? Yes, Your Honor. Well, now, is not this a direct attack? Because this is the identical proceeding in which he was adjudicated to be within the jurisdiction of the court as a juvenile offender. And no matter when it comes, it comes in this direct proceeding. And he makes the assertion that not only does the court not have jurisdiction at the moment that he's in front of it, but it never had jurisdiction at any time that he was in front of it, either the district court nor this court, because this petition fails to state an offense under the law. Now, why isn't that available to him? And then I would add, in the case that you rely on, it says he cannot attack it. That was simply an attack on a guilty plea that may or may not have been voluntary, that may or may not have been legal, no matter what the jurisdiction of the court was in those cases. But in this case, we're talking about jurisdiction. And why can't he talk about jurisdiction in this instance in which the court is telling him to go to some institution based on an indictment that may not or, according to him, does not state a jurisdictional basis? Now, why isn't that all squarely in front of the court every time it's raised? Your Honor, because your precedents have said so, but not only that, every other circuit to address it has said so. And I do understand what you're saying, that the Simmons case involved a guilty plea. But other cases from other circuits did not just involve a challenge to a guilty plea, such as the Francis Sheen case. That actually involved a challenge where, after the individual, Francis Sheen, pled guilty or was found guilty of mail fraud, the Supreme Court came down with a decision that said, your conduct is no longer violative of mail fraud. Now, let me ask you that. In that case in which they said your conduct does not constitute mail fraud, that's different from saying that the indictment doesn't say you committed mail fraud. Now, there's a difference between what the indictment says and what the conduct might be. And it might very well be that an indictment accusing a person of mail fraud is perfectly sufficient legally and gives the court jurisdiction, but the government doesn't prove sufficient facts to put the person legally within the statute, and therefore he's not guilty. But that has nothing to do with jurisdiction, does it? It is different from jurisdiction, Your Honor. There is certainly no doubt about that if you believe that this is a jurisdictional question rather than just a defective indictment. That was my question. That was my question. Because my problem here is that this is phrased in terms of jurisdiction, but it's a defect in the pleading of the indictment that could have been raised, I would assume, at a much earlier time. Absolutely, Your Honor. And could have been fixed. Absolutely. It was a very easy fix at the time. And I understand that... Well, let me just go back. Supposing it couldn't be fixed because the statute is unconstitutional. And the information in this case, as I get the picture, says as much as the statute says. And if the statute is okay, the information is okay, because the statute says nothing about interstate travel of this gun, nor does this information. The information is as good as the statute. That's absolutely right, Your Honor. And in Michael R., your court said as much, that the statute is constitutional. And the First Circuit in the Cardoza case, following after Michael R., actually addressed the specific issue as to whether the information itself was defective for lack of the element, which is the exact challenge here, and found that it wasn't. Okay. The only point, now you're slipping to the merits of the case. And for the moment... I am, Your Honor. You are. And for the moment, I was focused simply on whether or not the district court should have ruled on the jurisdictional issue when it was presented, instead of saying it cannot. And at the same time, what it's saying, I previously, or this court has previously said, that is, the district court has previously said, this indictment, or this information, or petition, or whatever it was, is insufficient. But in spite of that, I'm not going to touch it. Now, if it's a jurisdictional issue, that's where I think we have to slip off into the merits. Thank you. It is a jurisdictional issue. I certainly do understand what you're saying, Your Honor. I do want to point out this, though. And I think that this is important. In this line of cases, in terms of whether you decide that in a probation revocation proceeding, you can then take up the underlying conviction. You need to remember this, that Justin D. is only in this position because he violated his conditions of probation. He would not have this appeal and be able to raise this issue because he sat on his rights. He had an ability to challenge this in a 2255, and he did not. Well, the same is true of anybody who is accused of a crime. The first time he gets an opportunity to challenge the indictment is when he's indicted. So that doesn't get us very far. You know, he may be an unworthy burglar, but he gets to challenge his indictment. And this kid may be an unworthy violator of his probation, but he gets to challenge the jurisdiction of the court. Doesn't he? I think that it's different, though, Your Honor, because he didn't challenge it originally when he could have. He didn't challenge it on direct appeal when he could have. And he didn't file a collateral proceeding. So the only – it's different in the sense that it is his conduct, nothing from the government, that has put him in the position to be able to challenge, unlike somebody who would have complied with all of their conditions. Okay. Thank you. Your time has expired. Thank you, Your Honor. Thank you. I'll just be very brief. I think Judge Levy has probably picked up on basically what I'm going to say. But regardless of whether or not Justin Deese had on his rights or whether or not I should have raised that earlier, it is really a red herring in this case. It doesn't matter if this involves subject matter jurisdiction, because it can't be waived. If it involves subject matter jurisdiction. If it involves subject matter jurisdiction. But the problem here is that there may well have been subject matter jurisdiction and there was a failure to plead the right, you know, a failure to allege the right facts had it been raised that would have been easily done. I'm sorry. I don't know how the government could have done that, however, because the information tracked the language of the statute. The statute has no requirement that there be any interstate nexus. So as Judge Levy pointed out, if the statute is bad, the information had to be bad and vice versa. Okay. Okay. And I would just point out one thing I would ask the Court. The government relies fairly heavily on the Franchine case. They're relying on a footnote, footnote number one. And I just submit to the Court that the government is overrepresenting the holding of that case. In fact, it doesn't stand for what they want it to. Thank you. Thank you, counsel. The case just argued as submitted. That concludes the Court's calendar for this morning. The Court stands adjourned.
judges: Schroeder, Alarcon, Leavy